## ST. LOUIS MERCHANTS' BRIDGE TERMINAL RY. CO. v. CONTINENTAL TRUST CO.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1901.)

### No. 950.

**1. RAILROADS—PREFERENTIAL DEBTS—RENTAL OF TERMINAL PROPERTY.**

A debt incurred by a railroad company for the rental of terminal property, under a 40-year lease which provided for its forfeiture, together with all improvements placed on the property by the lessee, on default in payment of rent, is not a debt of the income, and entitled to preferential payment from the net income of a receivership, under the usual order directing payment by the receiver of such claims accruing within six months; nor does the fact that the lessee covenanted to pay the taxes on the property render a claim of the lessor for taxes paid a preferential debt,—such taxes, as between the parties, being merely a part of the rental.

**2. APPEAL—REVIEW—FINDINGS OF MASTER.**

Where the transcript on appeal does not contain all the evidence before a master with respect to a claim in controversy, the report of the master thereon cannot be set aside on any question of fact.

**3. RAILROADS—PREFERENTIAL DEBTS—ORIGINAL CONSTRUCTION.**

A claim against an insolvent railroad company, made by a lessor to such company of terminal property, for the construction of new tracks thereon, which by the terms of the lease were subject to forfeiture to the lessor on default in payment of rentals, is not one for current repairs, nor for ordinary operating expenses, which entitles it to preferential payment from current income, but one for original construction, and not preferential.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

Under the bill of unsecured judgment creditors, filed for the benefit of all creditors who might avail themselves of the benefits of the proceeding, a receiver was appointed in the court below, who took possession of the railway owned and operated by the Toledo, St. Louis & Kansas City Railroad Company. In the order directing the receiver to take possession and operate said railroad, it was, among other things, directed that the receiver, "out of the income" of the receivership and after paying his operating expenses and taxes due or to become due, should pay "all amounts due or to become due employés of said railroad company, all claims for labor and services, all claims for materials and supplies furnished said railroad company within six months prior thereto, and all balances due or to become due to other railroad or transportation companies on balance accruing out of the exchange of traffic accruing within six months prior hereto." The appellant, by leave of the court, intervened in said cause and asserted claims aggregating some $16,000 against the railway company, and asked to have same paid as preferential claims incurred within six months prior to the receivership, and payable out of receiver's income under the order above recited. Subsequently a mortgage foreclosure bill was filed in the same court. The receivership under the creditors' bill was extended to this foreclosure proceeding, and the two suits were consolidated. This intervening petition was answered, and the preferential character of the claims set up denied. The issues thus

arising were referred to a special master, "to take the evidence and report the same to this court, with his conclusions of fact and law." The special master reported against two items in the claim of appellant, which were as follows: (1) Rental of terminal property in St. Louis accruing within six months prior to the receivership, $14,328.64. (2) Construction of tracks on rented terminals, furnishing rails, ties, and other materials, and for blocking and planking same at crossings, $2,042.04. The master reported that the first item was not a preferential claim, being for rentals of terminal property. He reported against the preferential character of the second item, as being for the cost of original construction of railway tracks upon the leased terminal property referred to above, and not repairs or other expenditure reasonably necessary for the maintenance of a completed railway. Exceptions filed to this report by the intervener were overruled, and the report confirmed, and the equitable relief sought denied.

Alex L. Smith, for appellant.
Clarence Brown, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

1. The intervening petition filed by the appellant did not aver that there had been any diversion of income applicable to current expenses, either by the railroad company or the receiver, and the master reported that no diversion had been shown. To this part of his report no exception was taken. The master further reported that both claims were just liabilities of the railroad company, but were "not entitled to any preference over the claims of the common creditors of said railroad company." Under this report there was nothing in the way of a decree against the railroad company as upon a nonpreferential, unsecured debt. If the appellant failed to take such a decree, it was its own fault, and no error has been assigned because it was not given such a decree.

2. The only exceptions to the master's report, and the only errors assigned upon the decree below, go to the preferential character of the debt due to appellant. If the claims of appellants are of the character which the court below directed the receiver to pay out of the income of the receivership, after the payment of the current expenses of the receivership, the appellant was entitled to have that fact determined, and the receiver directed to pay same out of any surplus of income, if any such surplus there was. Whether there was a surplus of income applicable to such claim was not referred to the master, reported on by him, or adjudged by the decree from which the intervener has appealed. That is a question for further reference and determination, if it shall be found that the intervener's debts are of the class ordered to be paid out of such surplus.

3. The contention of the learned counsel for the appellant is that the claims presented fall within the terms of the order in respect to the use of the income of the receivership. If this is so, it must be because the claims are of the class termed "debts of the income," and properly payable out of income, in preference to mortgage or other indebtedness of the railroad company. The direction of the court on appointing the receiver was in the terms of the usual order made for the payment of what are sometimes described as "six

months' claims," or "debts of the income,"—debts incurred in the current operation of the road, for the purpose of maintaining it as a going concern, and discharging its obligations as a common carrier. The direction to pay claims for material, labor, and supplies furnished within six months plainly implied that they must have been furnished under such circumstances as to constitute a preferential claim under the well-settled rules in respect of such claims. The effect of the order was to obviate the necessity for any evidence of a diversion by the railroad company of income primarily applicable to the payment of current operating expenses, and this was the construction placed upon the order by the master, as well as by the court below.

4. Neither claim was entitled to payment under this six months' order. The claim for $14,328.64 is a claim for rentals of certain terminal facilities. The railroad company's railroad terminated on the east side of the Mississippi river at East St. Louis. The appellant company owned a railroad bridge connecting St. Louis and East St. Louis, and a line of railroad on the St. Louis side of the river. Desiring to acquire terminals in St. Louis, and to extend its railroad into that city, the railroad company contracted with the bridge terminal company, the appellant here, that the latter should lease to it certain St. Louis property, to be used for terminal purposes by the railroad company, and that the latter should have access to same over the bridge and railroad of the lessor. The estate acquired by the railroad company was a leasehold for 40 years, with an option to purchase. For the use of this property the railroad company agreed to pay a rental equal to 6 per cent. per annum on the agreed value of the property and the taxes thereon. There was a provision for the forfeiture of the lease and all improvements thereon in default of payment of rent for a specified time. The suggestion that a part of this claim was for taxes, and therefore payable under the order of the court, is without substance. The taxes sued for were a part of the rentals, and were payable only because the total rent was arrived at by adding taxes to 6 per cent. upon the value of the leased property. The claim is therefore a claim for rentals of terminal facilities which were secured by a stringent forfeiture clause. They were properly disallowed. The case in this respect is governed by the decisions of this court in Louisville & N. R. Co. v. Central Trust Co. of New York, 31 C. C. A. 89, 87 Fed. 500, and the later case of Gregg v. Trust Co. (C. C. A.) 109 Fed. 220.

5. The claim for $2,042.04 was reported against by the master because it was a claim for original construction, as well as because he found that the appellant "depended more upon the general credit of the railroad company than upon the protection and interposition of a court of equity." The whole evidence in respect to this claim which was before the master is not in the transcript, and this itself furnishes an insuperable objection to setting aside the report of the master upon any question of fact. Rhode Island Locomotive Works v. Continental Trust Co., 47 C. C. A. 147, 108 Fed. 5. The evidence in the record upon the matter of this claim is meager, but from that which is in the transcript and the report of the master it is clear that

· the account is for the construction of railway tracks upon the property leased to the railroad company for terminal purposes. Under the terms of the lease all structures and tracks placed upon the leased property were subject to forfeiture for default in payment of rentals. Manifestly the debt due appellant is no part of the current expenses of operating or maintaining the railroad as a going concern. It was a debt incurred in the scheme of extending the railroad from East St. Louis, across the Mississippi river at St. Louis, by the use of the· bridge and railroad of the bridge terminal company; the new tracks constructed being essential to connect the leased terminal property with the railroad of the lessor company, as well as to fit the terminal property itself for use as a St. Louis depot. The construction of these new tracks, and furnishing the rails, ties, etc., was original construction, and neither current repairs nor ordinary operating expenses. The case is governed by Railroad Co. v. Hamilton, 134 U. S. 296, 302, 10 Sup. Ct. 546, 33 L. Ed. 905, and Porter v. Steel Co., 120 U. S. 649, 671, 7 Sup. Ct. 741, 30 L. Ed. 830.

The decree is accordingly affirmed.